> All future discovery filings shall
> include the following language
> on the cover page:
> "[Referred to Magistrate Judge
> Suzanne H. Segal]"

FILED
CLERK, U.S. DISTRICT COURT
MAY 22 2009
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY A. CARTWRIGHT, Sr., an individual;<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SYSTEMS; CREDIT MANAGEMENT, a business entity, form unknown; WILMINGTON SAVINGS FUND SOCIETY; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. CV09-00427 GHK (SSx)<br><br>[~~PROPOSED~~] ORDER |

After considering the Stipulated Protective Order executed by all parties and upon good cause showing,

**IT IS HEREBY ORDERED THAT:**

The Stipulation is Granted.

Dated: 5/21/09    Magistrate _/s/ Suzanne H. Segal_
JUDGE OF THE UNITED STATES
DISTRICT COURT

All future discovery filings shall
include the following language
on the cover page:
"[Referred to Magistrate Judge
Suzanne H. Segal]"

LAI-3018669v1

Angele Motlagh (State Bar No. 228588)
JONES DAY
3 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539
Email: amotlagh@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

*NOTE CHANGES MADE BY THE COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY A. CARTWRIGHT, Sr., an individual;<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SYSTEMS; CREDIT MANAGEMENT, a business entity, form unknown; WILMINGTON SAVINGS FUND SOCIETY; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. CV09-00427 GHK (SSx)<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiff Harry A. Cartwright, Sr. ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian"), Credit Management, and Wilmington Savings Fund Society ("Wilmington"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by Experian and Plaintiff to each other and among the parties to this action relating to trade secrets[1], confidential research, development,

---

[1] The term "trade secrets" as defined by California Civil Code § 3426.1: shall be fully incorporated here as: "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value

LAI-3018665v2

1  technology or other proprietary information belonging to defendant Experian and/or
2  personal income, credit and other confidential information of Plaintiff or Plaintiff's
3  witnesses.
4      THEREFORE, an Order of this Court protecting such confidential
5  information shall be and hereby is made by this Court on the following terms:
6      1.    This Order shall govern the use, handling and disclosure of all
7  documents, testimony or information produced or given in this action which are
8  specifically identified by Paragraph 12 of this Order and in accordance with the
9  terms hereof.
10      2.    Documents or other materials identified in Paragraph 12 of this Order
11  shall be stamped or otherwise marked on the front of the document or portion(s)
12  thereof "Confidential" by the designating party.
13      3.    To the extent any motions, briefs, pleadings, deposition transcripts, or
14  other papers to be filed with the Court incorporate documents or information
15  subject to this Order, the party who intends to file such papers shall give five court
16  days' notice to the party who designated such materials as "Confidential," so that
17  the designating party has the opportunity to file the application required pursuant to
18  Central District Local Rule 79-5.1 for such papers to be filed under seal. The filing
19  party shall cooperate with the designating party to allow the application to be filed
20  along with the Confidential documents or information.
21      4.    All documents, transcripts, or other materials subject to this Order, and
22  all information derived therefrom (including, but not limited to, all testimony,
23  deposition, or otherwise, that refers, reflects or otherwise discusses any information
24  designated Confidential hereunder), shall not be used, directly or indirectly, by any
25  person, including the other defendants, for any business, commercial or competitive

---

(continued...)

from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1  purposes or for any purpose whatsoever other than solely for the preparation and
2  trial of this action in accordance with the provisions of this Order.
3      5.    Except with the prior written consent of the individual or entity
4  asserting confidential treatment, or pursuant to prior Order after notice, any
5  document, transcript or pleading given confidential treatment under this Order, and
6  any information contained in, or derived from any such materials (including but not
7  limited to, all deposition testimony that refers, reflects or otherwise discusses any
8  information designated confidential hereunder) may not be disclosed other than in
9  accordance with this Order and may not be disclosed to any person other than: (a)
10 the Court and its officers; (b) parties to this litigation; (c) counsel for the parties,
11 whether retained counsel or in-house counsel and employees of counsel assigned to
12 assist such counsel in the preparation of this litigation; (d) fact witnesses subject to
13 a proffer to the Court or a stipulation of the parties that such witnesses need to
14 know such information; and (e) present or former employees of the producing party
15 in connection with their depositions in this action (provided that no former
16 employees shall be shown documents prepared after the date of his or her
17 departure); and (f) Experts specially retained as consultants or expert witnesses in
18 connection with this litigation.
19     6.    All persons receiving any or all documents produced pursuant to this
20 Order shall be advised of their confidential nature. All persons to whom
21 confidential information and/or documents are disclosed are hereby enjoined from
22 disclosing same to any other person except as provided herein, and are further
23 enjoined from using same except in the preparation for and trial of the above-
24 captioned action between the named parties thereto. No person receiving or
25 reviewing such confidential documents, information or transcript shall disseminate
26 or disclose them to any person other than those described above in Paragraph 5 and
27 for the purposes specified, and in no event shall such person make any other use of
28 such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties, in light of the accelerated discovery cut-off date, to facilitate discovery including the expeditious exchange of all relevant documents in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same. The requirement to return confidential documents to the designating party does not include any documents in the Court's possession, but does include copies of such documents in any party's possession.

10. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall follow the procedures set forth in Central District Local Rule 37. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

////

////

## GOOD CAUSE STATEMENT

12. The parties seek confidential protection for all documents, testimony, transcripts or other materials and the information contained therein, designated as "Confidential" and produced by Experian or Plaintiff in this action. The documents to be produced by defendant Experian contain critical information regarding its computer systems involved in credit reporting. Experian's credit-reporting businesses relies on the use of its computer hardware and software. Experian has worked hard and incurred great cost to update their computer hardware and software to create the best possible credit-reporting system.

13. Specifically, Experian seeks confidential protection for documents titled Transaction Log; Disclosure Log; D/R Log; and Admin Report. Each of these documents contains critical information regarding Experian's computer systems involved in credit reporting.

14. In order to operate national credit reporting services, defendant Experian had to design its unique computer systems to process information received from tens of thousands of diverse lenders and other entities involved in the credit industry, from the public record and from other sources. Extremely sophisticated and unique computer software design was necessary to allow Experian to process that information in the form of credit reports as accurately as possible when a customer applies for credit. Experian has spent hundreds of millions of dollars and countless hours of employee time developing their unique and sophisticated computer systems.

15. The sophistication of Experian's computer systems is a major advantage for it in the marketplace. Were information about its highly sophisticated computer systems to get into the hands of its competitors, it would enable the competitors to enhance their own systems and, in so doing, remove the marketing edge currently enjoyed by Experian. Similarly, were information about its design and workings to get into the hands of a would-be competitor, it would

| | | |
|---|---|---|
| 1 | Dated: May 21, 2009 | ROBERTSON & THOMMARSON, LLP |
| 2 | | |

Dated: May 21, 2009

ROBERTSON & THOMMARSON, LLP

By: */s/ Ronald J. Thommarson*
    Ronald J. Thommarson

Attorneys for Defendant
WILMINGTON SAVING FUND SOCIETY

Dated: May 21, 2009

BRENNAN, WIENER & ASSOCIATES

By: */s/ Robert F. Brennan*
    Robert F. Brennan

Attorneys for Plaintiff
HARRY A. CARTWRIGHT, SR.

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 2009.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

LAI-3018665v2

1 | Executed this ___ day of _____, 2009 at _____.
2 |
3 |           _____
  |           QUALIFIED PERSON